OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Five statutory words — “unless the court orders otherwise” — are at the core of the present appeal. In a motion for summary judgment in lieu of complaint
 
 (see,
 
 CPLR 3213), was Supreme Court, upon denial of summary judgment, obliged
 
 *626
 
 to treat the moving and answering papers as a complaint and answer, or did the statute authorize outright dismissal of the action? We hold that the court’s authority to order “otherwise” included discretion to dismiss, which was not abused here.
 

 According to plaintiff-appellant, defendant-respondent was a flight instructor who also sold helicopters. Plaintiff wanted to learn to fly. In September 1991, the parties — then both New Yorkers — agreed to purchase a helicopter as equal partners; each had the right to buy the other out. Defendant was to house the helicopter, have use of it and teach plaintiff to fly. Plaintiff paid defendant $150,000, which defendant said was one half the cost of the helicopter.
 

 In December 1991, plaintiff — having learned to fly— undertook to buy defendant’s interest in the helicopter. He paid defendant another $150,000, and continued to allow defendant to house, and use, the helicopter. Relations between the two, however, soured during 1993, when plaintiff began to suspect that defendant was overcharging him for parts and service. In fall 1993, plaintiff — by then a Texas resident — flew to New York to take possession of the aircraft, at which time defendant allegedly demanded additional payments, but ultimately signed a bill of sale, and plaintiff took the helicopter to Texas. Plaintiff claims that defendant, in October 1993, informed the Federal Aviation Administration that the bill of sale was issued in error, and that the sale had not been finalized, thus beclouding plaintiff’s title. He further alleges that defendant had in fact paid only $255,000 (not $300,000) for the helicopter.
 

 These charges formed the basis of plaintiff’s petition, consisting of two claims, filed in May 1996, in the District Court of Lampasas County, Texas. The first claim, denominated “Declaratory Judgment,” sought a declaration that plaintiff was sole owner of the helicopter. The second claim, denominated “Fraud,” alleged that defendant overcharged plaintiff $45,000 when he misrepresented the price of the helicopter, and asked for actual damages of $45,000 plus punitive damages of $135,000. The petition alleged that defendant, a nonresident, engaged in business in Texas, and that the proceeding arose out of defendant’s Texas business. Service of process was made by the Texas Secretary of State, who mailed a copy of the pleading, certified mail, return receipt requested, to defendant in New York. On August 7, 1996, there having been no response to the petition, a Texas default judgment was entered declaring plaintiff owner of the helicopter, and awarding him
 
 *627
 
 actual damages of $45,000, punitive damages of $30,000 and attorney’s fees of $962.50.
 

 In September 1997, by motion for summary judgment in lieu of complaint in New York State Supreme Court, plaintiff sought recognition and enforcement of the Texas judgment, annexing the petition, proof of service, correspondence between the parties and the default judgment. Defendant cross-moved for dismissal of the action for lack of personal jurisdiction (CPLR 3211 [a] [2], [8]), asserting that this was a New York transaction between New Yorkers; that there was no proof that plaintiff himself was a Texas resident at the time of the challenged transaction; that no part of the agreement was to be performed in Texas; and that defendant had no meaningful contacts with Texas.
 

 Plaintiff countered with the opinion of Texas counsel that the parties entered into one or more contracts regarding the helicopter in 1992 and 1993, at which time plaintiff lived in Texas and defendant perpetuated a fraudulent scheme there. In his affidavit, plaintiff averred that he had become a Texas resident by 1992, when he made payments to defendant and suffered injury. Plaintiffs counsel concluded his own affidavit with a request that, should summary judgment be denied, “the papers be deemed a complaint and answer pursuant to CPLR 3213.” The final submission on the motions was the reply affidavit of defendant’s counsel, again urging dismissal of the action for lack of jurisdiction or, at the least, denial of summary judgment on the ground that there were triable issues of fact as to Texas jurisdiction.
 

 Supreme Court denied plaintiff’s motion and granted defendant’s cross motion, dismissing the action on the ground that the Texas court lacked jurisdiction over defendant. On plaintiff’s appeal, the Appellate Division affirmed. In a comprehensive opinion, the court concluded first that Texas lacked jurisdiction over defendant, rendering the default judgment unenforceable in New York, and second that Supreme Court had discretion — which it did not abuse — to dismiss the complaint. With the lack of Texas jurisdiction now being law of the case, and only the second issue before us on appeal, we affirm.
 

 The CPLR gives “greater presumptive merit” to two categories of claims — actions based on instruments for the payment
 
 *628
 
 of money, and actions based on judgments
 
 *
 
 — allowing them to be brought on by “motion-action” for summary judgment, bypassing pleading, motion and discovery delays (see, Siegel, NY Prac § 288, at 448-449 [3d ed]; see also, 7 Weinstein-KornMiller, NY Civ Prac 3213.01). In the words of CPLR 3213: “When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint. * * * If the motion is denied, the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise.”
 

 When all goes smoothly, plaintiffs who choose this accelerated procedure can have relief in record time. The significant body of 3213 case law, however, signals that the course is not always a smooth one. In the present case, plaintiff has hit what he contends is an impermissible obstacle: final dismissal of his claims against defendant.
 

 Plaintiff urges that, if summary judgment is denied CPLR 3213 compels conversion, and that the motion papers should have been treated as a complaint and answer, allowing him to litigate his underlying claims on the merits. Alternatively, he contends that the court’s failure to convert his papers was an abuse of discretion as a matter of law. Plaintiff underscores that Supreme Court’s error in dismissing the case has prejudiced him because the Statute of Limitations now has run on his claims against defendant. Defendant counters that conversion would have been futile because the action was based solely on the Texas judgment, which is unenforceable.
 

 Nothing in the statute, of course,
 
 obliges
 
 a court, upon denial of summary judgment, to treat CPLR 3213 motion papers as a complaint and answer, regardless of the circumstances. Although the statute provides that, upon denial of summary judgment, the moving and answering papers shall be deemed a complaint and answer, it also explicitly permits a court to order “otherwise.” Acting within that authority courts have, for example, required service of pleadings; they have even awarded summary judgment to the defendant (see,
 
 e.g., Weissman v Sinorm Deli,
 
 88 NY2d 437). There is thus no merit to plaintiff’s contention that conversion is in all instances compelled.
 

 
 *629
 
 Alternatively, plaintiff insists that Supreme Court abused its discretion by failing to ascertain whether dismissal would prejudice commencement of a plenary action — as it would here
 
 (see,
 
 Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:ll, at 509). We agree with the Appellate Division that, on the facts presented, Supreme Court did not abuse its discretion by dismissing the action outright.
 

 It is clear from this record that all that Supreme Court had before it was the question of Texas jurisdiction over defendant. Both parties’ submissions, including several affidavits, were fully focused on that question. At no point did plaintiff suggest to the court that, if denied summary judgment, he wished to pursue the underlying merits, or that there were additional claims he might wish to assert against defendant in a plenary New York action, as now appears to be the case. At no point did plaintiff suggest to the court that there might be Statute of Limitations problems, as he now maintains.
 

 The closest plaintiff came to alerting Supreme Court to his present contention was counsel’s concluding assertion in his affidavit that, should summary judgment be denied (parroting the statute) “the papers be deemed a complaint and answer pursuant to CPLR 3213.” It surely was no abuse of discretion for the court to have taken that assertion to refer to a complaint and answer in an action to enforce the Texas judgment; defendant himself noted that, if the case were not dismissed, there were triable issues of fact as to personal jurisdiction. In no sense did plaintiff’s conclusory assertion advise the court that he sought the opportunity to litigate the underlying charges on the merits, even alleging claims outside the four corners of the Texas petition. Supreme Court’s denial of such a request might well have constituted an abuse of discretion, but that is an issue we need not reach. Plaintiff never made that request. There concededly having been no Texas jurisdiction, it surely was not an abuse of discretion in this case to grant defendant’s cross motion and dismiss the action.
 

 Useful as CPLR 3213 is, there may be pitfalls when it is invoked “carelessly” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:l, at 497) or “too enthusiastically” (Siegel’s Practice Review, No. 93, at 1 [Mar. 2000]). This case points up yet another risk, applicable generally to appeals to a court’s discretion: if litigants do not make clear what relief they would like, the court can hardly be faulted for not granting it.
 

 
 *630
 
 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.
 

 *
 

 While “foreign judgments” — meaning judgments entitled to full faith and credit — can be enforced in New York upon registration, that procedure is not available for default judgments (see, CPLR 5401).