**ATLANTIC MUTUAL INSURANCE COMPANY, as subrogee of the shipper and consignee under Intermodal Bill of Lading Booking number HU 378 N 0350, Plaintiff,**

v.

**M/V HUMACAO, her engines, boilers, etc., Navieras De Puerto Rico; Puerto Rico Maritime Shipping Authority and NPR, Inc., Defendants.**

**NPR, INC., Third–Party Plaintiff,**

v.

**EMPIRE TRUCK LINES, INC., Third–Party Defendant.**

**No. 99 CIV. 10787(CSH).**

United States District Court, S.D. New York.

April 27, 2001.

---

Stephen A. Agus, New York City, for Atlantic Mutual Insurance Co.

John K. Fulweiler, Jr., De Orchis, Walker & Corsa LLP, New York City, for Navieras De Puerto Rico and NPR Inc.

Robert T. Whittaker, Martin, Clearwater & Bell, New York City, for Empire Truck Lines, Inc.

## MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge.

Atlantic Mutual Insurance Company ("Atlantic Mutual") brought this complaint in admiralty as subrogee of its insured, Johnson & Johnson Medical Inc. ("J & J Medical"), to recover the amount of a claim it paid to J & J Medical under J & J Medical's insurance policy with Atlantic Mutual. The $95,342.50 claim represented the value of 5566 cases of damaged bandage dressings that defendants had agreed, pursuant to a bill of lading, to transport from the port of San Juan, Puerto Rico to J & J Medical's facility in Sherman, Texas. The complaint alleges that the shipment of dressings was loaded on the M/V HUMA-

CAO, which was owned and/or controlled by defendant NPR, Inc. ("NPR"). The vessel sailed from San Juan on April 25, 1998 and arrived at the Port of Jacksonville, Florida on April 28, 1998. From Jacksonville, NPR transhipped the shipment by rail to Dallas, Texas where it was allegedly misplaced. The shipment was not located until June 10, 1998, by which time the bandages' sterilization deadline had expired, rendering them worthless.

NPR denies responsibility for damaging the bandages and has filed a third-party complaint against Empire Truck Lines, Inc. ("Empire"), alleging that liability for the damage belongs wholly or at least in part to Empire. The third-party complaint alleges that NPR safely delivered the goods to the rail yard in Dallas, Texas on May 1, 1998, at which point it engaged Empire pursuant to an existing Equipment Interchange Agreement (the "Agreement") to transport the shipment by truck from the rail yard to J & J Medical's facility in Sherman, Texas. According to the third-party complaint, Empire breached the Agreement by causing "the container shipment to remain at the rail yard and/or otherwise fail[ing] to perform according to the terms of the [Agreement]." Third–Party Complaint at ¶ 9. NPR avers that as a result of its breach and/or negligence Empire should be required to indemnify or pay contribution to NPR for any amount NPR may be required to pay Atlantic Mutual in this action, and in addition that Empire should be adjudged directly liable to Atlantic Mutual pursuant to Fed. R.Civ.P. 14(c).[1] *Id.* at p. 4.

1. Rule 14(c) provides that when "a plaintiff asserts an admiralty or maritime claim," the defendant "may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transac-

tion, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff ... and the action shall proceed as if the plaintiff had commenced it against the third-

Empire, a Texas corporation and a non-domiciliary of New York, presently moves prior to discovery to dismiss the third-party complaint pursuant to Fed.R.Civ.P. 12(b)(2), asserting a lack of personal jurisdiction. Both NPR and Atlantic Mutual oppose the motion, and Atlantic Mutual separately cross-moves for summary judgment against Empire.

## DISCUSSION

■ The party asserting a claim bears the burden of demonstrating personal jurisdiction over a defendant. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999). The magnitude of the burden varies depending on the procedural status of the case. Prior to discovery, the party may satisfy its burden by making a *prima facie* showing, based only on the "good faith" allegations in the pleadings, of a permissible basis for personal jurisdiction. *Ball v. Metallurgie Hoboken–Overpelt,* 902 F.2d 194, 197 (2d Cir.1990). "If the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." *Id.* In considering whether this burden has been met, the court "will not draw 'argumentative inferences' in the plaintiff's favor," but will "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994) (quoting *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992)). While a *prima facie* showing of jurisdiction is adequate to defeat a 12(b)(2) motion made before discovery, the party asserting jurisdiction bears the ultimate burden of proving by a preponderance of the evidence at trial or an evidentiary hearing that the court has jurisdiction over the defendant. *See Ball,* 902 F.2d at 197.

### 1. *Forum Selection Clause*

■ The third-party complaint at bar alleges that Empire is subject to the jurisdiction of this court by virtue of a forum selection clause in the Agreement. In this clause, Empire agreed to:

the exclusive jurisdiction of the U.S. District Court, Southern District of New York, *over all legal actions and disputes involving the terms and conditions of this Agreement* as well as any claims arising as a consequence of damages to or loss of cargo, or third party property, or personal injuries, or deaths *occurring in the course of transactions governed by this Interchange Agreement.*

(emphasis added). NPR and Empire entered into the Agreement on March 22, 1996. The third-party complaint alleges, and Empire does not deny, that the Agreement remained valid at all times relevant hereto.

According to the third-party complaint, NPR instructed Empire to pick up the container from the rail yard pursuant to the terms of the Agreement and Empire failed to do so. These factual allegations, which I am bound to accept and construe liberally on this pre-discovery motion, are more than sufficient to trigger the forum selection clause. Stated simply, NPR contends that the Agreement governed the transaction because NPR instructed Empire to retrieve the shipment and transport it pursuant to the Agreement's terms and Empire failed to comply. Under the forum selection clause, NPR and Empire agreed to submit to the jurisdiction of this Court all disputes involving the "terms and

party defendant as well as the third-party plaintiff."

conditions" of the Agreement and any claims arising as a result of damage to cargo "occurring in the course of transactions governed by" the Agreement. The allegation that Empire breached the Agreement constitute the quintessential sort of dispute that the forum selection clause would appear to govern.

█ It has long been settled that parties waive objections to personal jurisdiction if they agree to submit to the jurisdiction of a particular court. *See National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964) ("parties to a contract may agree in advance to submit to the jurisdiction of a given court"); *Falconwood Financial Corp. v. Griffin*, 838 F.Supp. 836, 838–39 (S.D.N.Y.1993) ("Settled law permits parties to a contract to select in advance the forum for litigation of disputes that arise under the contract. These parties contracted to brings [sic] such actions here, in the Southern District of New York, and to that end, consented to personal jurisdiction here.") (citations omitted); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Worley*, 257 A.D.2d 228, 690 N.Y.S.2d 57, 59 (1st Dep't 1999) ("[B]y agreeing to the forum selection clause in the indemnity agreement, defendant specifically consented to personal jurisdiction over her in the courts of New York and thereby waived any basis to dispute New York's jurisdiction.").

█ Thus, when parties choose a particular forum, their selection will be enforced without the need to engage in traditional personal jurisdiction analysis, including determining whether constitutional due process requirements have been met. *See Packer v. TDI Systems, Inc.*, 959 F.Supp. 192, 196 (S.D.N.Y.1997); *Nat'l School Reporting Servs., Inc. v. Nat'l Schools of Ca., Ltd.*, 924 F.Supp. 21, 23 (S.D.N.Y.1996) (forum selection clauses comport with due process because they establish minimum contacts by consent). A forum selection clause "will be invalidated only if it was the product of fraud or overreaching, or if the agreed forum is so inconvenient as to deprive the litigant of his day in court." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Pearson*, No. 89 Civ.2015, 1989 WL 86032, *2 (S.D.N.Y. July 27, 1989).

In protesting this court's lack of personal jurisdiction, Empire does not contest the validity of the forum selection clause or the Agreement itself. Indeed, Empire confirms that "if Empire Trucking had taken possession of the trailer and an interchange had occurred then the forum selection clause would be applicable." Affidavit in Reply at ¶ 6. Rather, Empire's position is that the Agreement never came into play in connection with the J & J Medical shipment because Empire never actually "took possession or control of the trailer" containing the cargo. Affidavit of Gary Conner, Vice President of Operations for Empire, dated September 6, 2000 at ¶¶ 6–7. It is Empire's contention that the failure to consummate an "interchange" of the cargo renders the Agreement and its forum selection clause irrelevant for purposes of this case.

This argument does not suffice to defeat NPR's *prima facie* showing of personal jurisdiction based on the liberally construed factual allegations in the third-party complaint. According to that pleading, the gravamen of the dispute is whether Empire satisfied its obligations under the Agreement which were triggered when NPR instructed Empire to transport the shipment of bandages. Empire's argument that the Agreement never came into play because Empire never physically possessed or "interchanged" the cargo merely serves to underscore the fact that this case involves a dispute concerning the terms

and conditions of the Agreement; specifically, what constitutes a transaction governed by the Agreement?

Moreover, this argument, which is based on the Conner affidavit, does not nullify the allegations in the third-party complaint upon which NPR is entitled to rely exclusively in defeating this pre-discovery Rule 12(b)(2) motion. Although in my discretion I may consider affidavits as well as the pleading's allegations in considering whether a *prima facie* showing of jurisdiction has been made at this stage in the litigation, the affidavits contemplated are those that *support* jurisdiction. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981) ("[T]he plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.... [A] prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion."). To consider opposing affidavits at this stage would undermine the principle that a plaintiff may defeat a Rule 12(b)(2) motion "solely" on the basis of the allegations in the complaint. *Ball*, 902 F.2d at 197.

In any event, even if I were to consider the affidavit, nothing in it contradicts the third-party complaint's allegations. NPR avers that Empire "caused the shipment to remain at the rail yard". (¶ 9). This allegation is not inconsistent with Conner's affirmation that Empire failed to take possession of the trailer. Nor does the affidavit refute NPR's allegation that it instructed Empire to transport the cargo pursuant to the Agreement. Thus, even in the face of the Conner affidavit, the allegations in the third-party complaint suffice to invoke the forum selection clause and, consequently, to confer personal jurisdiction over Empire.

### 2. *New York's Long–Arm Statute*

In resisting Empire's motion, NPR and Atlantic Mutual alternatively contend that personal jurisdiction over Empire exists pursuant to a provision of New York's long-arm statute, CPLR § 302(a)(1). This section provides that:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state.

In order for jurisdiction to lie under this provision it is essential that the defendant not only transact business in New York but that the claim arise out of that transaction. *See Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 198, 522 N.E.2d 40 (Ct.App.1988) (under CPLR 302(a)(1), "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted."). NPR and Atlantic Mutual argue that Empire transacts business in New York within the meaning of § 302(a)(1) because Empire presents itself on its website as a regional carrier that "serves all 48 States [sic] and Mexico." Atlantic Mutual's Notice of Motion at Ex. B. Empire counters that to the extent it has conducted occasional deliveries in New York, those transactions are completely unrelated to the claim in this case, which arises out of a delivery between two points within Texas.

In light of my conclusion that NPR has made a *prima facie* showing of Empire's consent to jurisdiction under the forum selection clause, I need not resolve the

parties' contentions regarding the application of New York's long-arm statute. In the event that Empire continues to contest jurisdiction, NPR eventually will be required to demonstrate facts constituting personal jurisdiction by a preponderance of the evidence. In so doing, it is not restricted to the forum selection clause but may also attempt to prove personal jurisdiction under New York's long-arm stat-

ute, to the extent it can do so in good faith.[2]

### 3. Atlantic Mutual's Summary Judgment Motion

 Atlantic Mutual cross-moves for summary judgment against Empire,[3] contending that Empire has admitted liability by conceding that it never took control of the shipment and by not denying NPR's

---

**2.** Although the parties do not address the issue, the Court *sua sponte* raises the threshold question whether the New York long-arm statute applies to the claims against Empire in this admiralty action. NPR's third-party complaint does not state the basis of federal subject matter jurisdiction over its state law claims against Empire. However, since the Court has admiralty jurisdiction over Atlantic Mutual's claim against NPR, I assume that NPR relies upon the doctrine of supplemental jurisdiction codified in 28 U.S.C. § 1367(a) to assert its third-party claim. That statute provides in relevant part that:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Section 1367(a) would appear to bring the third-party claim properly within this Court's subject matter jurisdiction, and Empire does not argue to the contrary. The question of whether federal or state law supplies the appropriate personal jurisdiction analysis arises because supplemental jurisdiction over Empire is based upon this Court's federal question jurisdiction over the admiralty claim instituted by Atlantic Mutual, yet NPR's claim against Empire is founded not in admiralty law but in state law theories of breach of contract and negligence.

If the third-party complaint were based on federal law, the Court would unquestionably determine personal jurisdiction based on the constitutional "minimum contacts" standard and any applicable federal statute, not the New York long-arm statute. But the third-

party complaint is based on state law. The New York long-arm statute establishes the personal jurisdiction analysis in *diversity* cases. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 183–84 (2d Cir.1998). Nonetheless, in a non-diversity case as here, involving § 1367(a) supplemental jurisdiction over a third-party, if the third-party claim asserts only state law causes of action it seems logical that, just as in diversity cases, the federal court should address the amenability to suit of the foreign third-party defendant in accordance with the law of the forum state. *Cf. Gill v. Three Dimension Systems, Inc.*, 87 F.Supp.2d 1278, 1284 (M.D.Fla.2000) (in securities fraud case where plaintiff asserted only state law claims against two defendants pursuant to § 1367(a)'s grant of supplemental jurisdiction, court evaluated personal jurisdiction over those two defendants under Florida's long-arm statute and Constitutional minimal contacts analysis).

Having determined that NPR has made a *prima facie* showing of jurisdiction based on the forum selection clause, I need not presently decide whether New York's long-arm statute has any applicability here. The parties at bar have not addressed this issue. However, the question of its applicability is a matter that the parties must eventually address if NPR and Atlantic Mutual press long-arm jurisdiction as an alternative basis for personal jurisdiction at a later stage in the proceedings.

**3.** The third-party complaint maintains that Atlantic Mutual has a direct claim against Empire under Rule 14(c). In light of my disposition of the summary judgment motion, I need not determine whether the invocation of Rule 14(c) is valid (a matter which none of the parties have addressed), and consequently whether or not Empire has direct liability towards Atlantic Mutual.

allegation that it was instructed to do so pursuant to the terms of the Agreement. According to Atlantic Mutual, these concessions amount to an admission that Empire breached its contractual obligations to pick up and deliver the cargo. Not surprisingly, Empire takes a different view and opposes the motion.

Atlantic Mutual's motion is denied. While Empire does admit that it never took possession of the shipment of bandages, I am not prepared to say at this stage in the proceedings that its statement is tantamount to an admission that it breached the Agreement. Atlantic Mutual's argument assumes as a foregone conclusion that Empire was contractually obligated to take possession of the shipment. But it offers no contractual analysis or factual foundation to support that conclusion, and Empire specifically denies that the Agreement applied to the transaction. Because it is not apparent on this record that the Agreement came into effect,[4] and that in simply failing to retrieve the shipment Empire breached the Agreement, Atlantic Mutual has failed to demonstrate its entitlement to summary judgment.

This disposition is not surprising given that discovery has not yet been conducted. Empire contends that discovery is necessary to ascertain essential facts surrounding its failure to take possession of the cargo and the shipment's lack of timely delivery. Such discovery would bear upon crucial issues affecting Empire's liability including, *inter alia*, whether or not the Agreement ever came into play; if so, what Empire's precise obligations under it were; and whether Empire's alleged failure to perform was beyond its control. Because all of the facts concerning Empire's role in the non-delivery of the shipment and Empire's obligations, if any, under the Agreement are as yet unknown, the motion for summary judgment is denied without prejudice to renewal after the completion of discovery.

## CONCLUSION

The factual allegations contained in NPR's third-party complaint suffice to establish a *prima facie* showing of personal jurisdiction over Empire on the basis of the forum selection clause in the Agreement which identifies the Southern District of New York as the chosen forum. Empire's motion to dismiss the third-party complaint pursuant to Rule 12(b)(2) is accordingly denied. Because Atlantic Mutual has failed to demonstrate the absence of issues of material fact concerning Empire's liability under the Agreement and because discovery is necessary to ascertain crucial facts concerning that liability, I also deny Atlantic Mutual's motion for summary judgment against Empire.

The parties are directed to attend a pretrial conference at 2:00 p.m. on Friday May 25, 2001 in Room 17C, 500 Pearl Street. The parties should be prepared to discuss at this conference the effect of NPR's recent filing of a bankruptcy petition on the various claims in this litigation.

The foregoing is SO ORDERED.

---

4. My conclusion that NPR has established a *prima facie* case of personal jurisdiction over Empire based on the third-party complaint's allegations that the Agreement applied to this transaction is not to the contrary because it is not a finding on the merits that Empire was obligated to pick up and deliver the bandages under the Agreement. My conclusion is simply a recognition that at this pre-discovery stage NPR has satisfied its de minimis burden of establishing personal jurisdiction. It does not constitute a factual finding that the Agreement applied with respect to this shipment.