■ MOISHE GOTTLIEB et al., Respondents, v BLUE RIDGE INSURANCE COMPANY, Appellant. [752 NYS2d 565] —In an action pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's insured, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 12, 2001, which, inter alia, converted the motion to one for summary judgment pursuant to CPLR 3212, and, upon converting the motion, granted summary judgment to the plaintiffs and denied the defendant's cross motion for summary judgment dismissing the action.

Ordered that the order is modified, on the law, by deleting the provision thereof which converted the motion to one for summary judgment pursuant to CPLR 3212 and, upon converting the motion, granted summary judgment to the plaintiffs, and substituting therefor a provision denying the plaintiffs' motion for summary judgment in lieu of complaint; as so modified, the order is affirmed, without costs or disbursements.

In an underlying negligence action, the plaintiffs obtained a judgment against the defendant's insured. When the judgment remained unsatisfied for more than 30 days, the plaintiffs commenced this action pursuant to Insurance Law § 3420 (a) (2) to recover the unsatisfied judgment from the defendant. They proceeded by motion for summary judgment in lieu of complaint

pursuant to CPLR 3213. In the order appealed from, the Supreme Court converted the motion to one for summary judgment pursuant to CPLR 3212, granted the plaintiffs summary judgment, and denied the defendant's cross motion for summary judgment dismissing the action. We modify.

On the facts and circumstances presented, conversion of this motion to one for summary judgment pursuant to CPLR 3212 was not appropriate (*compare Big K Kosher Dairy Rest. v Gross,* 198 AD2d 205; *see also Schulz v Barrows,* 94 NY2d 624; *Weissman v Sinorm Deli,* 88 NY2d 437). Further, the use of a "motion-action" pursuant to CPLR 3213 was not appropriate (*see Schulz v Barrows, supra; Weissman v Sinorm Deli, supra; Grinblat v Taubenblat,* 107 AD2d 735; *Holmes v Allstate Ins. Co.,* 33 AD2d 96). The defendant is not named in the judgment, a prima facie case against the defendant is not made out by the judgment itself, and the outside evidence needed to demonstrate the liability of the defendant for the judgment requires more than a de minimis deviation from the face of the judgment (*see Weissman v Sinorm Deli, supra; Grinblat v Taubenblat, supra*). Thus, the plaintiffs' motion for summary judgment in lieu of complaint is denied. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.