Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J), entered June 15, 2007. The order denied plaintiff’s motion for summary judgment and granted defendants’ cross motions to dismiss the action.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
*1263 Memorandum: Plaintiff, the most recent assignee of a mortgage given by defendants, commenced this action by way of a motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking a judgment for the nonpayment of a promissory note. We affirm the order granting defendants’ cross motions to dismiss the action, but our reasoning differs from that of Supreme Court.
The record establishes that defendants executed a promissory note and mortgage in August 1986 pursuant to which they agreed to make monthly payments to plaintiff’s predecessor. Defendants failed to make the requisite monthly payments beginning in June 2000, however, and plaintiffs predecessor commenced a foreclosure action in November 2000. The mortgage was assigned to a third party and thereafter was assigned to plaintiff, in November 2002. Plaintiff commenced this action pursuant to CPLR 3213 in June 2006, and the court denied plaintiff’s motion for summary judgment in lieu of complaint in August 2006. Plaintiff made a second motion for summary judgment in lieu of complaint in March 2007, and defendants cross-moved to dismiss the action contending, inter alia, that the action was time-barred and that plaintiff failed to comply with RPAPL 1301. The court denied plaintiffs second motion and granted defendants’ cross motions to dismiss on the ground that plaintiffs second motion was made after the six-year statute of limitations had expired (see CPLR 213 [4]). That was error. When a court denies a motion for summary judgment in lieu of complaint, “the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise” (CPLR 3213). Although “the court’s authority to order ‘otherwise’ include[s] discretion to dismiss [the action]” (Schulz v Barrows, 94 NY2d 624, 626 [2000]), the court took no such action here with respect to plaintiffs June 2006 motion. Instead, by its August 2006 order, the court merely denied plaintiffs motion. Thus, plaintiffs June 2006 motion papers were converted to a complaint pursuant to the express terms of CPLR 3213, and the March 2007 motion should have been treated as a motion for summary judgment within the existing June 2006 action, which was timely commenced (see generally Schulz v Barrows, 263 AD2d 565, 571 [1999], affd 94 NY2d 624 [2000]).
Nevertheless, we conclude that the court properly granted defendants’ cross motions seeking dismissal of the action on the ground that RPAPL 1301 (3) bars the action. That statute provides that, during the pendency of a foreclosure action “or after final judgment for the plaintiff therein, no other action *1264 shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.” Here, defendants submitted the pleadings from the prior foreclosure action, as well as the resulting March 2001 judgment of foreclosure and sale, thus establishing that plaintiff was required to obtain leave of the court to commence this action. There is no indication in the record before us that plaintiff sought such leave, and we conclude in any event that plaintiff was not entitled to leave to permit it to maintain this action. Leave should be granted to maintain a second action if there exist “ ‘special circumstances . . . which manifestly require[ ] that course’ ” (Sanders v Palmer, 68 NY2d 180, 185 [1986]). There are no such special circumstances in this case. Although plaintiff established that defendant Sandra R. Hunt sold the property in September 2005, plaintiff failed to establish the circumstances of that sale. Plaintiff also failed to provide an explanation for its failure to proceed with the judgment of foreclosure that had been obtained by its predecessor, nor did plaintiff explain why it waited several years to commence this action. Thus, in the absence of any special circumstances, defendants were entitled to dismissal of the action pursuant to RPAPL 1301 (3). Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.