■ COMMERCIAL BANK OF NORTH AMERICA, Respondent, v. EMPLOYERS INSURANCE OF WAUSAU, Appellant.— Determination of Appellate Term and order of Civil Court entered June 20, 1968, unanimously reversed, on the law, with costs and disbursements in all courts, motion for summary judgment pursuant to CPLR 3213 denied, and the plaintiff is directed to serve a complaint in this action, which shall thereafter proceed in the regular manner. (See Reilly v. Insurance Company of North Amer., 32 A D 2d 918.) This litigation is the aftermath of a judgment obtained by a Mr. and Mrs. Jackson against plaintiff for personal injuries received by Mrs. Jackson on plaintiff's premises. Plaintiff, as a defendant in the prior action, cross complained against one Giacomelli, who was performing work on the premises pursuant to a contract with plaintiff. Giacomelli in the prior action was represented by attorneys for defendant herein under a reservation of rights by it because of a policy

provision excluding it from liability for " completed operations." After plaintiff had paid the judgment recovered by the Jacksons in the prior action it served a summons on defendant and moved simultaneously for summary judgment. Such relief was granted by Civil Court upon the ground that defendant was collaterally estopped from further litigating the issue as to whether or not the contractor's work had been completed. The present record establishes prima facie that the original contract between the bank and the contractor had been completed on October 17, 1960, that the accident happened on October 25 and a second contract was made between the bank and Giacomelli on October 27, 1960. In the prior action the duty of defendant herein to defend its insured (Giacomelli) doubtless was broader than its ultimate liability to pay the judgment (cf. *Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148; 31 N. Y. Jur., Insurance, § 1325). In the absence of clear proof that the issue of defendant's liability to pay the judgment — in the light of the policy exclusion clause — was litigated and determined at the prior trial plaintiff was not entitled to summary judgment. Since, in our opinion, the moving and answering papers do not satisfactorily define the issues, it is appropriate that formal pleadings be served rather than deeming the moving and answering papers as the complaint and answer. Settle order on notice. Concur — Stevens, P. J., Tilzer, Markewich, Nunez and Bastow, JJ. [See 33 A D 2d 556.]