OPINION OF THE COURT
Irving Kirschenbaum, J.
This is a motion by the defendants to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 5, 7) or for summary judgment in favor of the defendants.
The plaintiff is the owner of an apartment at the St. Tropez condominium on East 64th Street in Manhattan. The defendants have been tenants at the apartment since January 1, 1971.
In July, 1979, the plaintiff had “an acute and desperate financial problem” and was in arrears on her required maintenance charges for her apartment. Litigation was commenced against her by the St. Tropez, seeking a foreclosure sale of the apartment to satisfy the lien for unpaid maintenance charges. When the defendants tenants received copies of the papers in that action, defendant Percy Dahan agreed to lend the plaintiff approximately $5,500 to assist her in paying the arrearage.
At the time of the loan, Percy Dahan addressed and delivered a letter to plaintiff, stating in part: “I beg to confirm to you that I am willing to advance to you the amount claimed, namely $5,584.24. You can, at your convenience, endorse the check to the name of the building so as to put an end to this dispute. I know it will not be *560 possible for you to repay this amount to me before September and perhaps even December of 1979, by which time your lawyers hope to win out in the action pending between you and your former husband * * * I understand from our talk yesterday that you are willing to extend our present lease for an additional period of three years, which offer I am willing to accept.” The plaintiff signed the letter, signifying that the contents were “read and approved on July 12, 1979 in consideration of check No. 2144 made out to the name of Mrs. Odette Rhee, duly endorsed to the Board of Managers of St. Tropez Condominium for an amount of $5,584.24 drawn on Citibank by Percy Dahan/ Lucienne Dahan on July 12, 1979.”
The plaintiff alleges that at the time the letter was signed, Dahan stated that he understood that the plaintiff retained the right to raise the rent from time to time and to seek possession of the apartment for her own use. In 1981, she sought to recover possession of her apartment, but Dahan refused to vacate, claiming that he had a binding lease, at $700 per month rental, effective through the end of 1983 based on the letter quoted, supra.
The issue of the right to possession was tried in the Housing Court at Civil Court, New York County, and Judge Henry Williams found that the plaintiff had given the Dahans a three-year extension of the lease at $700 per month. Judge Williams’ decision, dated February 11, 1982, states in part: “The inescapable conclusion is that this letter of July 10, 1979 when signed by respondent on July 12, 1979 extended the existing lease on the same terms for another three years or until December 31, 1983. Respondent did this in exchange for the loan from Petitioner.”
By this action the plaintiff has presented a broad-scale challenge to the letter agreement and seeks damages on various grounds. The first cause of action alleges that the difference between the $700 per month rental being paid by Dahan and the present fair market rental value of the apartment (estimated to be $3,000 to $4,000 per month) constitutes interest at a usurious rate on the initial loan. The complaint asserts that “defendants’ wrongful actions in extracting from plaintiff an exorbitant and usurious *561 rate of interest were wanton, flagrant and shocking, and constituted an outrageous flaunting of the public policy of the State of New York.” On the first cause of action the plaintiff seeks a declaration that the loan agreement is usurious, recovery of the principal amount of the loan, recovery of a sum equal to all allegedly usurious interest paid to date, and punitive damages.
The second cause of action alleges a conspiracy between the defendants to violate the usury laws of this State and seeks the impressing of a constructive trust upon all of defendants’ assets.
The third cause of action alleges unjust enrichment and seeks damages. The fourth cause of action demands that the defendants be directed to pay damages to the plaintiff in a sum equal to the diminution in value of the apartment allegedly caused by the defendants’ wrongful tenancy.
The branch of this motion based on CPLR 3211 (subd [a], par 1) (documentary evidence), centers on the argument that the lease extension agreement does not refer in any way to the payment of interest in addition to the repayment of the principal. It is claimed that the letter evidences a non-interest-bearing loan, and that Judge Williams’ decision establishes that the letter evidences a valid lease extension.
The branch of the motion based on CPLR 3211 (subd [a], par 5) refers the court to section 5-531 (subd 2, par a) of the General Obligations Law for the proposition that an action for the recovery of an alleged usurious payment must be commenced within one year after such payment, and that the one year must be calculated from July 10, 1979, the date of the lease extension.
Res judicata and collateral estoppel are also raised as defenses under CPLR 3211 (subd [a], par 5) on the basis of Judge Williams’ finding.
The defendants assert that the complaint fails to state a cause of action for its lack of an allegation that they have taken or received any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the prescribed rate (see General Obligations Law, § 5-501).
*562 The plaintiff responds to this motion by stressing that the test to be applied in a motion addressed to the pleadings is whether the pleader has a cause of action rather than whether one has been properly stated (see, e.g., Rovello v Orofino Realty Co., 40 NY2d 633). Here, unless it can be shown that the extension of the lease for three years at a rental of $700 per month was a usurious interest charge, the underlying basis for the first and second causes of action must be found to be lacking. Also, if the court finds that the letter signed by the parties was a lease extension (as has been determined in Civil Court by Judge Williams), the third cause of action for unjust enrichment and the fourth cause of action for diminution in the value of the apartment must fail.
Usury is defined in the revised fourth edition of Black’s Law Dictionary as “An illegal contract for a loan or forbearance of money, goods, or things in action, by which illegal interest is reserved, or agreed to be reserved or taken.” Usury is forbidden in this State under subdivision 2 of section 5-501 of the General Obligations Law to the extent that “No person or corporation shall, directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the rate above prescribed.”
The defendants’ motion to dismiss is denied. As to the branch of the motion under CPLR 3211 (subd [a], par 1) (documentary evidence), the court has considered Judge Williams’ decision to the effect that the letter amounted to a three-year lease extension. However, that decision does not have res judicata effect with respect to the issue of whether the amount of rent stated in the lease extension was in effect a usurious interest charge. The question of the intent of the parties should be presented to a jury for resolution and that jury should have an opportunity to determine whether the joint loan and lease document is evidence of a “tie-in sale” or an attempt to extract an unlawful rate of interest. The facts in this case as set forth in the papers before the court do not foreclose the possibility that a jury could find based on the letter that a usurious *563 rate of interest was being charged even though interest was not specifically mentioned in the letter.
As to the branch of the motion under CPLR 3211 (subd [a], par 5) (Statute of Limitations), the court finds that none of the causes of action described supra are time barred, although at trial if it is determined that if a usurious rate of interest has been assessed, a judgment for a portion of that interest might be barred by the applicable Statute of Limitations.
As to the branch of the motion under CPLR 3211 (subd [a], par 7) (failure to state a cause of action), the court finds that all causes of action herein assert claims cognizable under the laws of this State. Adequate allegations have been set forth in support of the basic underlying cause of action for usury, sufficient to withstand this motion to dismiss. The other causes of action for conspiracy to violate the usury laws, unjust enrichment and damages are properly pleaded and ultimately will succeed or fail at trial depending on a finding of whether there was a violation of the usury laws.
For the foregoing reasons the motion is denied.