■ In the Matter of the Estate of MARTIN KRAUS, Deceased. ANNE RUBENFELD, Respondent; GAIL ROGAL, Appellant. [617 NYS2d 819] —In a proceeding, *inter alia,* for an accounting, Gail Rogal appeals from an order of the Surrogate's Court, Westchester County (Emanuelli, S.), entered July 7, 1992, which denied her motion for summary judgment dismissing the

claim of Martin and Anne Rubenfeld set forth in Schedule D of the amended petition and granted the cross motion of Martin and Anne Rubenfeld, *inter alia,* for summary judgment with regard to that claim.

Ordered that the order is affirmed, with costs payable by the appellant personally.

Martin Kraus (hereinafter the decedent) had two daughters, Anne Rubenfeld (hereinafter the respondent) and Gail Rogal (hereinafter the appellant). The decedent owned a share of a plumbing company, and he owned a 50% interest in the partnership that owned the building that the plumbing company occupied. The decedent entered into a written agreement to sell his share of the plumbing company to the respondent and her husband, Martin Rubenfeld (hereinafter the Rubenfelds). As part of the agreement, the decedent agreed to provide in his will that, when he died, his 50% interest in the partnership would be devised to the Rubenfelds. However, the decedent failed to do so. In his will, the decedent appointed his two daughters as co-executrices of his estate, and he devised the remainder of his estate, which included his interest in the partnership, to his daughters to be divided equally between them.

Martin Rubenfeld, seeking to have the decedent's interest in the partnership transferred to the Rubenfelds, filed a claim against the estate. The respondent filed an amended petition to judicially settle her account as co-executrix of the decedent's estate and to compel the estate to transfer the decedent's interest in the partnership to the Rubenfelds. The appellant objected to the amended petition on the ground, *inter alia,* that the decedent had been incompetent when the written agreement to sell his share of the plumbing company had been executed, and she moved for summary judgment dismissing the Rubenfelds' claim. The Rubenfelds cross-moved for, *inter alia,* summary judgment.

It is well settled that, in order to obtain summary judgment, the movant must establish his defense or cause of action sufficiently to warrant a court's granting judgment in his favor as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The party opposing summary judgment must then present admissible evidence establishing a triable issue of fact, and mere conclusory or unsubstantiated allegations or assertions are insufficient to oppose the motion *(see, Zuckerman v City of New York, supra,* 49 NY2d, at 562).

Here, the appellant did not provide any evidence to support

her allegation that the decedent had been incompetent when he executed the agreement to sell his share of the plumbing company. Although the record contains an admission history and physical report of the decedent's condition from the Burke Rehabilitation Hospital, this history and report was prepared more than 3 years after the date on which the agreement had been executed and more than 3 years after the date on which the appellant claimed the decedent had been incompetent. Thus, we find that the appellant failed to demonstrate the existence of a triable issue of fact, and the mere conclusory and unsubstantiated allegation that the decedent was incompetent when the agreement to sell his share of the plumbing company was executed is insufficient to defeat the Rubenfelds' cross motion for summary judgment *(see, Zuckerman v City of New York, supra,* 49 NY2d, at 562).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.