■ ISAAC M. GURARY, Respondent, v BARRY LIGHT, Appellant. [669 NYS2d 894] —In an action to recover on promissory notes, the defendant appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), entered January 7, 1997, which is in favor of the plaintiff and against him in the principal sum of $334,000.

Ordered that the judgment is affirmed, with costs.

The defendant's contention that the court erred in permitting the plaintiff to make more than one motion for summary judgment is without merit. Noting the defendant's claim that the parties had entered a further, oral agreement which operated as a novation of the promissory notes under which the

plaintiff sought payment, the court denied the plaintiff's initial motion for summary judgment in lieu of the complaint (*see*, CPLR 3213) so that the plaintiff could interpose a formal complaint containing more complete allegations. Upon joinder of issue, the plaintiff was permitted to file a new motion for summary judgment (*see*, CPLR 3212 [a]). Summary judgment was then properly granted to the plaintiff as the defendant failed to sustain his burden of proof by offering admissible evidence to support his conclusory allegation of the later oral agreement (*see*, CPLR 3212; *Zuckerman v City of New York*, 49 NY2d 557, 562; *Matter of Kraus*, 208 AD2d 729). In any event, the unambiguous and unconditional nature of the promissory notes signed by him would bar consideration of any parol evidence of an alleged oral agreement (*see*, *Citibank v Plapinger*, 66 NY2d 90, 95-96; *Albino v Lipstein*, 209 AD2d 655).

While the defendant correctly contends that the Supreme Court erred in its determination that he waived his first affirmative defense of lack of personal jurisdiction since he failed to raise it in opposition to the plaintiff's motion for summary judgment in lieu of complaint, the court nevertheless properly dismissed this affirmative defense. Pursuant to CPLR 3213, if the motion for summary judgment in lieu of complaint is denied, "the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise" (CPLR 3213). Here the court denied the plaintiff's motion for summary judgment in lieu of complaint, and specifically permitted the plaintiff to file a formal complaint, indicating that the moving and answering papers were not to be deemed the complaint and answer. By its ruling the court also implied that the defendant was permitted to interpose an answer with affirmative defenses. Therefore, the defendant properly raised the affirmative defense of lack of personal jurisdiction in his answer.

Nevertheless, since the plaintiff attacked the personal jurisdiction defense in his motion for summary judgment to dismiss the affirmative defenses, albeit arguing that the defense had been waived, the defendant was obligated to present sufficient facts regarding its validity so as to raise a triable issue of fact to defeat the motion (*see*, CPLR 3212; *Zuckerman v City of New York*, 49 NY2d 557, 562, *supra*; *see also*, *Matter of Kraus*, 208 AD2d 729, *supra*). He failed to do so, and summary judgment was properly granted to the plaintiff. Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.