■ IRENE B. SMITH, Respondent, v IG SECOND GENERATION PARTNERS, L.P., et al., Appellants. [809 NYS2d 910]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered November 1, 2004, in favor of plaintiff tenant and against defendants landlords in the amount of $88,703.06, consisting of a refund of unlawfully charged rent in the amount of $39,380.17 as directed in a Division of Housing and Community Renewal (DHCR) fair market rent appeal order, prejudgment interest on the latter amount from the date of the Rent Administrator's order in the amount of $34,539.05, and attorneys' fees in the amount of $14,783.84, unanimously affirmed, with costs.

Defendants' failure to timely challenge plaintiff's use of CPLR 3213 to enforce DHCR's order precludes our consideration of such challenge (*see P. Ballantine & Sons v Boston Celtics Basketball Club*, 36 AD2d 914 [1971]). Because plaintiff was obliged to commence a plenary action to enforce DHCR's order, attorneys' fees and interest were authorized (*see Paganuzzi v Primrose Mgt. Co.*, 268 AD2d 213 [2000]), and, under the circumstances, plaintiff was not obliged to offset her recovery by means of a rent abatement prior to commencing a plenary action (*see Msibi v JRD Mgt. Corp.*, 154 Misc 2d 293 [1992]). Nor was the methodology used to compute attorneys' fees improper (*see Matter of New York Convention Ctr. Dev. Corp. [Recycling for Hous. Partnership]*, 234 AD2d 167 [1996]). We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Nardelli and Williams, JJ.