■ COMFORCE TELECOM, INC., Appellant, v SPEARS HOLDING COMPANY, INC., Respondent. [840 NYS2d 145]—

In an action for the payment of money on an instrument, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 28, 2006, as denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff seeks to recover money due under a series of promissory notes executed in its favor by the defendant. However, the plaintiff also entered into a "Subordination Agree-

ment" with a third party whereby the defendant's debt to the plaintiff was rendered subordinate to the defendant's debt to that third party.

We agree with the plaintiff that the promissory note sued on was an instrument for the payment of money only, within the meaning of CPLR 3213 (*see Weissman v Sinorm Deli*, 88 NY2d 437 [1996]; *Borg v Belair Ridge Dev. Corp.*, 270 AD2d 377 [2000]). However, given the circumstances of this case, the Supreme Court correctly concluded that there was a triable issue of fact as to whether the plaintiff could maintain this action under the terms of the subordination agreement. Therefore, the motion for summary judgment in lieu of complaint was properly denied (*see N & M Plumbing & Heating Corp. v Cenacle Props. of L.I.*, 171 AD2d 653 [1991]; *see also Millerton Agway Coop. v Briarcliff Farms*, 17 NY2d 57 [1966]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contention is improperly raised for the first time on appeal (*see Matter of John E. Andrus Mem. Home v DeBuono*, 260 AD2d 635 [1999]). Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.