■ DANIEL HAGEMAN, Plaintiff, v HOME DEPOT U.S.A., INC., Defendant and Third-Party Plaintiff-Appellant. B & B ELECTRICAL CONTRACTORS OF L.I., INC., et al., Third-Party Defendants-Respondents. [846 NYS2d 305]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated April 7, 2006, as, in effect, denied its motion for leave to renew that branch of its prior cross motion which was for summary judgment on its third-party cause of action for contractual indemnification against the third-party defendants, which had been determined in an order dated June 16, 2005.

Ordered that the order dated April 7, 2006 is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against Home Depot U.S.A., Inc. (hereinafter Home Depot), to recover damages for personal injuries he sustained while working at a Home Depot store in Valley Stream, New York. The plaintiff asserted causes of action against Home Depot alleging negligence and violations of Labor Law §§ 200 and 241 (6). Home Depot thereafter impleaded the plaintiff's employers B & G Electrical Contractors of L.I., Inc., and B & G Electrical Contractors of NY, Inc. (hereinafter together B & G), seeking, inter alia, contribution and common-law and contractual indemnification. At the time the plaintiff allegedly was injured, B & G and Home Depot were parties to a maintenance service agreement (hereinafter the MSA) with respect to "maintenance and/or cleaning" services to be performed by B & G at certain Home Depot stores in New York.

Home Depot cross-moved, inter alia, for summary judgment on its cause of action for contractual indemnification against B & G. In an order dated June 16, 2005, the Supreme Court denied that branch of Home Depot's cross motion. Home Depot moved for leave to renew that branch of its cross motion and, in an order dated April 7, 2006, the Supreme Court, in effect, denied the motion for leave to renew. We affirm.

The Supreme Court properly, in effect, denied Home Depot's motion for leave to renew, as the new information submitted in connection with the motion, consisting of the terms of the MSA, did not warrant a different outcome with respect to that branch of Home Depot's prior cross motion which was for summary

judgment on its third-party cause of action against B & G for contractual indemnification.

The MSA governed the work at issue. The MSA's indemnity clause provides for indemnification of Home Depot when injury arises "from the acts or omissions of [B & G]," except when claims arise from B & G's use of equipment or materials furnished by Home Depot. As Home Depot correctly argues, the parties' agreement that the MSA was to be "governed by and construed in accordance with the laws of the State of Georgia" is enforceable. Here, Georgia has a reasonable relationship to the MSA both for this reason and because Home Depot's principal place of business is in Atlanta (*see Welsbach Elec. Corp. v MasTec N. Am., Inc.*, 23 AD3d 639, 642 [2005], *revd on other grounds* 7 NY3d 624 [2006]; *Finucane v Interior Constr. Corp.*, 264 AD2d 618 [1999]). Moreover, B & G failed to sustain its heavy burden of proving that applicable Georgia law is offensive to New York public policy (*see Welsbach Elec. Corp. v MasTec N. Am., Inc.*, 7 NY3d 624, 632 [2006]; *Finucane v Interior Constr. Corp.*, 264 AD2d at 620), which is articulated in General Obligations Law § 5-322.1. Enacted in 1975, this statute assumed its present form when it was amended in 1981 to prohibit indemnification agreements which purport to indemnify a promisee for its own negligence, whether the promisee was negligent "in whole or in part" (*see* General Obligations Law § 5-322.1 [1]). Prior to 1981, General Obligations Law § 5-322.1, like the parallel Georgia statute (Ga Code Ann § 13-8-2 [b]), barred indemnification under agreements purporting to indemnify a promisee only when the promisee was solely negligent. Thus, it cannot be said that General Obligations Law § 5-322.1 represents a "deep-rooted tradition of the common weal" (*Finucane v Interior Constr. Corp.*, 264 AD2d at 621 [internal quotation marks omitted]). Moreover, although Georgia law on this issue is more permissive than New York law, it cannot be said that it is "truly obnoxious" to the law of this State (*Finucane v Interior Constr. Corp.*, 264 AD2d at 621).

Nonetheless, Home Depot failed to demonstrate, as a matter of law, its entitlement to judgment on its cause of action for contractual indemnification against B & G. As Home Depot itself interprets it, the indemnification provision of the MSA is inapplicable without a finding that B & G was negligent. To the extent that the MSA's indemnification provision is enforceable under Georgia law, there are issues of fact as to whether negligence, if any, by B & G caused or contributed to the plaintiff's accident, thus precluding an award of summary judgment to Home Depot on its cause of action for contractual

indemnification. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.