■ MILLENNIUM FALCON CORP., Respondent, v WRD SALES, INC., et al., Appellants. [848 NYS2d 707]—

In an action to recover on a promissory note and guaranty brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated March 28, 2006, as, upon reargument, adhered to a prior determination in an order of the same court dated September 30, 2005 granting the motion, (2) from a judgment of the same court entered May 24, 2006, which, upon the orders, is in favor of the plaintiff and against them in the principal sum of $722,913, and (3) from a judgment of the same court entered December 2, 2005, which awarded the plaintiff an attorney's fee in the sum of $22,628.55.

Ordered that the appeal from the order dated March 28, 2006 is dismissed; and it is further,

Ordered that the judgment entered May 24, 2006 is reversed, on the law, upon reargument, the order dated September 30, 2005 is vacated, the motion for summary judgment in lieu of complaint is denied, and the moving and answering papers are deemed to be the complaint and the answer, respectively, the order dated March 28, 2006 is modified accordingly, and the judgment entered December 2, 2005 is vacated; and it is further,

Ordered that the appeal from the judgment entered December 2, 2005 is dismissed as academic in light of our determination

on the appeal from the judgment entered May 24, 2006; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment entered May 24, 2006, in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from that judgment (*see* CPLR 5501 [a] [1]).

The defendant WRD Sales, Inc., allegedly executed a promissory note dated January 1, 2001, for $722,913 in favor of the Millennium Group, LLC (hereinafter the Millennium Group). The promissory note provided that it was to be governed and construed in accordance with the laws of the state of Connecticut. Additionally, the defendant William R. Davis allegedly executed a personal guaranty. In an assignment dated June 11, 2001, the Millennium Group assigned the promissory note to the plaintiff, Millennium Falcon Corp. Thereafter, the plaintiff commenced this action to recover on the promissory note and guaranty by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court granted the motion.

Since the parties to the note agreed that it would be governed by Connecticut law, we must apply the substantive law of that forum in determining whether the plaintiff established as a matter of law its entitlement to recovery on the note and guaranty (*see Tanges v Heidelberg N. Am.*, 93 NY2d 48, 53 [1999]; *Capital Z Fin. Servs. Fund II, L.P. v Health Net, Inc.*, 43 AD3d 100, 107 [2007]; *Education Resources Inst., Inc. v Piazza*, 17 AD3d 513 [2005]). The plaintiff's evidentiary submissions were insufficient to establish its entitlement to summary judgment because the promissory note, which was allegedly backdated, was ambiguous on its face (*see Tallmadge Bros., Inc. v Iroquois Gas Transmission Sys., L.P.*, 252 Conn 479, 495, 746 A2d 1277, 1287 [2000]). Moreover, the plaintiff failed to demonstrate the absence of triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), i.e., whether the defendants were fraudulently induced into executing the promissory note (*see Paiva v Vanech Hgts. Constr. Co.*, 159 Conn 512, 515, 271 A2d 69 [1970]), and whether the promissory note was validly assigned to the plaintiff, including whether there was consideration for the assignment.

In light of our determination, the judgment awarding an attorney's fee must be vacated, as it is premature to consider such

an award. Șantucci, J.P., Krausman, Florio and Lifson, JJ., concur.