■ Ro & Ke, Inc., Respondent, v Jin-Hu Stevens, Appellant.
[878 NYS2d 394]—

In an action to recover upon an instrument for the payment of money only, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated June 10, 2008, which granted the motion and denied his cross motion to dismiss the action pursuant to CPLR 3211 (a) (1), (3) and (10).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, and substituting therefor a provision denying the motion, and (2) by adding a provision thereto directing the plaintiff to join Hyunik Seo as a party defendant; as so modified, the order is affirmed, with costs to the defendant; and it is further,

Ordered that the time for the plaintiff to join Hyunik Seo as a party defendant to this action is extended until 30 days after service upon him of a copy of this decision and order.

"[A] document comes within CPLR 3213 if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms . . . The instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996] [internal quotation marks omitted]; *see Stallone v Rostek*, 27 AD3d 449, 450 [2006]). Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by proving the existence of the subject note and nonpayment according to its terms (*see Black Rock, Inc. v Z Best Car Wash, Inc.*, 27 AD3d 409, 409 [2006]; *James DeLuca, M.D., P. C. v North Shore Med. Imaging*, 287 AD2d 488 [2001]; *A. Bella Food Corp. v Luigi's Italian Deli*, 243 AD2d 592, 592 [1997]). In response to the plaintiff's prima facie showing, the defendant raised a triable issue of fact regarding the validity of the assignment under which the defendant allegedly assumed the obligations of Hyunik Seo, a nonparty to this action, who was the original borrower on the note. Therefore, the motion for summary judgment in lieu of complaint should have been denied (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 402-403 [1957]; *Comforce Telecom, Inc. v Spears Holding Co., Inc.*, 42 AD3d 557 [2007]; *cf. Millennium Falcon Corp. v WRD Sales, Inc.*, 46 AD3d 862, 863 [2007]).

Under the circumstances presented, Hyunik Seo, the original borrower on the note, should have been joined as a party to this action (*see* CPLR 1001 [a]; *cf. Friedman v Friedman*, 125 AD2d 539, 540-541 [1986]; *Matter of Brener*, 12 AD2d 452 [1960]).

The defendant's remaining contentions are without merit. Rivera, J.P., Miller, Angiolillo and Balkin, JJ., concur.