■ RUSSELL V. LUGLI, as Trustee of the LUGLI FAMILY TRUST, Respondent, v FRANK JOHNSTON, Appellant. [912 NYS2d 108]—

In an action to recover on a promissory note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Pines, J.), dated December 14, 2009, which granted the motion, and (2) a judgment of the same court entered September 17, 2010, which, upon the order, is in favor of the plaintiff and against him in the sum of $397,400.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment in lieu of complaint is denied, the order dated December 14, 2009, is modified accordingly, and the motion and answering papers are deemed to be the complaint and answer, respectively; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On July 11, 2006, the defendant borrowed the sum of $200,000 from the Lugli Family Trust (hereinafter the Trust). In connection with this loan, the defendant executed a loan agreement and a promissory note.

The loan agreement provided that the defendant was obligated to repay the Trust by August 11, 2006. The loan bore interest "at the rate of one percent per month, calculated and compounded monthly, from the date hereof until repayment of the full amount." The loan agreement further provided for a loan origination fee of 1.5% percent of the principal amount, which amounted to $3,000, and a late fee of 1% per month, beginning on August 11, 2006. The loan agreement was signed by both the defendant and the plaintiff, as trustee of the Trust.

On the same day that the loan agreement was executed, the defendant also executed a promissory note (hereinafter the note). The note provided that, by August 11, 2006, the defendant was obligated to repay the Trust the sum of $200,000, plus $2,000 in interest, as well as the $3,000 loan origination fee, for a total of $205,000. According to the note, after August 11, 2006, the interest rate of 1.5% per month would be applied to both the outstanding principal and to the 1% late fee. While the note's interest rate differed from that contained in the loan agreement, neither party asserts that the 1.5% monthly interest rate was the applicable rate for the loan past August 11, 2006.

The defendant failed to repay the loan. On August 20, 2009, the plaintiff filed a summons with notice, a notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213, and supporting papers. The plaintiff claimed that, as of that date, 36 months had lapsed since the loan came due, and that the defendant owed interest on the outstanding principal at a rate of 1% per month, compounded monthly, for an effective annualized interest rate of 12.682503103%, with the loan origination fee of $3,000 and late fees from August 11, 2006, at the rate of 1% per month to be added to the principal and calculated interest due.

In opposition, the defendant argued, inter alia, that he had a bona fide defense of usury. Specifically, he contended that the 1.5% loan origination fee, when annualized, yielded an annualized rate of 18% and, when added to the monthly interest rate, whether compounded (12.682503103%) or simple (12%), the total annualized interest rate on the loan was more than 30% and, thus, in excess of the permitted statutory rate of 16% per annum (*see* Banking Law § 14-a [1]).

The Supreme Court granted the plaintiff's motion and entered judgment accordingly. The defendant appeals, and we reverse the judgment.

In accordance with CPLR 3213, a party may commence an action in lieu of complaint when the action is "based upon an instrument for the payment of money only or upon any judgment." A promissory note is an instrument for the payment of money only, provided that it contains an unconditional promise by the borrower to pay the lender over a stated period of time (*see Comforce Telecom, Inc. v Spears Holding Co., Inc.*, 42 AD3d 557 [2007]; *Gregorio v Gregorio*, 234 AD2d 512, 512-513 [1996]). "The instrument does not qualify if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]; *see Ro & Ke, Inc. v Stevens*, 61 AD3d 953 [2009]; *Stallone v Rostek*, 27 AD3d 449, 450 [2006]).

To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms (*see Gullery v Imburgio*, 74 AD3d 1022 [2010]; *Superior Fid. Assur., Ltd. v Schwartz*, 69 AD3d 924, 925 [2010]; *Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *Levien v Allen*, 52 AD3d 578 [2008]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting the promissory note and loan agreement signed by the defendant, coupled with his own affidavit asserting that the defendant failed to repay the loan in accordance with the terms of the note (*see Verela v Citrus Lake Dev., Inc.*, 53 AD3d at 575; *North Fork Bank v ABC Merchant Servs., Inc.*, 49 AD3d 701 [2008]; *Suffolk County Natl. Bank v Columbia Telecom. Group, Inc.*, 38 AD3d 644, 645 [2007]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]).

In opposition to the plaintiff's prima facie showing, however, the defendant raised a triable issue of fact as to the applicability of the defense of usury (*see O'Donovan v Galinski*, 62 AD3d 769 [2009]). Specifically, the defendant raised triable issues of fact with his contention that the annualized rate of the subject loan was at least 30%, in light of the combined annualized rates for interest and the loan origination fee, and that the loan's interest rate was, thus, in excess of the amount allowed by General Obligations Law § 5-501 (1) and Banking Law § 14-a (1) (*see O'Donovan v Galinski*, 62 AD3d at 769-770). "In determining whether a transaction is usurious, the law looks not to its form, but its substance, or 'real character' " (*id.* at 769, quoting *Lester v Levick*, 50 AD2d 860, 862 [1975], *revd on other grounds* 41 NY2d 940 [1977]). Consequently, the Supreme Court should not have granted the plaintiff's motion for summary judgment in lieu of complaint (*see Yonkers Rib House, Inc. v 1789 Cent. Park Corp.*, 19 AD3d 687 [2005]).

In light of our determination, the defendant's remaining contentions have been rendered academic. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.