In an action to recover damages for breach of an insurance contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated June 29, 2011, as denied its renewed motion to dismiss the complaint pursuant to CPLR 3211 and for summary judgment dismissing the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant’s renewed motion which was for summary judgment dismissing the complaint is granted, and that branch of the defendant’s renewed motion which was to dismiss the complaint pursuant to CPLR 3211 is denied as academic.
The plaintiff alleged that he was injured in a motor vehicle accident on December 14, 2005, in the course of his self-employment as a full-time independent contractor, and that he became eligible for disability benefits on or about March 1, 2008, pursuant to an insurance policy which he purchased from the defendant. When the defendant refused to pay him disability benefits, the plaintiff commenced this action, by summons and complaint dated May 11, 2009, to recover damages for breach of the insurance contract. The defendant moved to dismiss the complaint pursuant to CPLR 3211 and for summary judgment dismissing the complaint on the grounds that the plaintiff failed to timely commence the action in accordance with the limitation of actions provision in the insurance policy, and that the plaintiff was not eligible to receive disability benefits pursuant to the subrogation provision in the policy, which effectively absolved the defendant from any obligation to pay disability benefits until such time as the amount of benefits which would have been paid exceeded the amount received by the plaintiff from third parties. After the Supreme Court denied the motion, with leave to renew upon the submission of a signed certification, the defendant made a renewed motion seeking the same relief. In the order appealed from, the Supreme Court, among other things, denied that branch of the defendant’s renewed motion which was for summary judgment dismissing the complaint. The defendant appeals.
Since the insurance policy contained “a clear and unambiguous” choice-of-law provision (Matter of Frankel v Citicorp Ins. Servs., Inc., 80 AD3d 280, 285 [2010]) directing that it would be governed by Indiana law, and since neither party contests the *821 applicability of that provision on the ground that Indiana law is offensive to New York public policy or does not bear a reasonable relationship to the transaction (see Welsbach Elec. Corp. v MasTec N. Am., Inc., 7 NY3d 624, 629 [2006]; Cooney v Osgood Mach., 81 NY2d 66, 78 [1993]; Ehrlich-Bober & Co. v University of Houston, 49 NY2d 574, 584 [1980]), we will apply the substantive law of Indiana in determining whether the defendant has established, as a matter of law, its entitlement to summary judgment dismissing the complaint (see generally Millennium Falcon Corp. v WRD Sales, Inc., 46 AD3d 862, 863 [2007]; Hageman v Home Depot U.S.A., Inc., 45 AD3d 732, 734 [2007]). Matters of procedure, however, are governed by New York law (see Martin v Dierck Equip. Co., 43 NY2d 583, 588 [1978]).
Contrary to the determination of the Supreme Court, the defendant made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the plaintiff was not entitled to receive disability benefits as of the time of the commencement of this action, even if he was totally disabled within the meaning of the policy. “[T]o maintain an action for breach of contract, a party must show three elements: the existence of a contract, the defendant’s breach of that contract, and damages” (U.S. Fid. & Guar. Ins. Co. v Hartson-Kennedy Cabinet Top Co., Inc., 857 NE2d 1033, 1039 [Ind Ct App 2006]). Pursuant to a subrogation provision in the subject policy, the defendant was not required to pay any benefits to the plaintiff “until the amount of benefits [it] would have paid on behalf of or to the [plaintiff] exceed[ed] the amount received by [him] from a third party.” By submitting evidence that the plaintiff entered into a settlement with a third party pursuant to which the defendant was entitled to a credit in the sum of $26,698 under the subrogation provision, and that the plaintiff would not have been entitled to payments in a sum greater than $1,500 per month in disability benefits, the defendant made a prima facie showing that the plaintiff had not sustained any damages as of the time he commenced this action, which was approximately 15 months after the date on which he allegedly became eligible for disability benefits (see generally Pflanz v Foster, 888 NE2d 756, 759 [Ind Sup Ct 2008]; Henthorne v Legacy Healthcare, Inc., 764 NE2d 751, 757 [Ind Ct App 2002]; Essex Group, Inc. v Nill, 594 NE2d 503, 505 [Ind Ct App 1992]; TLB Plastics Corp., Inc. v Procter & Gamble Paper Prods. Co., 542 NE2d 1373, 1376 [Ind Ct App 1989]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court should have granted that branch of the defendant’s motion which was for summary judgment dismissing the complaint.
*822 In light of our determination, we need not reach the defendant’s remaining contentions. Mastro, J.R, Angiolillo, Chambers and Cohen, JJ., concur. [Prior Case History: 32 Misc 3d 1217(A), 2011 NY Slip Op 51348(U).]