■ Kathleen Von Fricken, as Administratrix of Margaret E. Schaefer, Deceased, Respondent, v Laura Schaefer, Appellant. [988 NYS2d 254]—

In an action to recover upon an instrument for the payment of money only, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated May 29, 2012, which granted the motion, and (2) a judgment of the same court entered August 7, 2012, which, upon the order, is in favor of the plaintiff and against her in the total sum of $35,500.76. By decision and order on motion of this Court dated August 3, 2012, as amended September 13, 2012, enforcement of the judgment was stayed pending hearing and determination of the appeals.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment in lieu of complaint is denied, the order is modified accordingly, and the motion and answering papers are deemed to be the complaint and answer, respectively; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order dated May 29, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The subject of this action for accelerated relief pursuant to CPLR 3213 is a handwritten instrument dated April 29, 2008, and executed by the defendant before a notary public (hereinafter the document). The document states that the defendant borrowed the sum of $25,000 from her now-deceased mother (hereinafter the decedent), and that she "will pay her [mother] back in full with [her] lawsuit money from Billy—of Cool Temp Mechanical—or any debt will be paid in full."

In the affidavit submitted in support of the plaintiff's motion for summary judgment in lieu of complaint, the plaintiff, as administrator of the decedent's estate, alleged that the defendant "signed a promissory note . . . promising to repay $25,000.00, no part of which has been repaid." The plaintiff also alleged that, at the defendant's deposition in a probate

proceeding involving the decedent's estate, the defendant admitted that she executed the document and received the sum of $25,000 from the decedent. The Supreme Court granted the plaintiff's motion, and entered judgment accordingly.

Pursuant to CPLR 3213, a party may obtain accelerated relief by moving for summary judgment in lieu of complaint, provided that the action is "based upon an instrument for the payment of money only or upon any judgment" (CPLR 3213; *see Schulz v Barrows*, 94 NY2d 624, 627-628 [2000]). "A promissory note is an instrument for the payment of money only, provided that it contains an unconditional promise by the borrower to pay the lender over a stated period of time" (*Lugli v Johnston*, 78 AD3d 1133, 1134 [2010]; *see Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]; *Ro & Ke, Inc. v Stevens*, 61 AD3d 953 [2009]; *Stallone v Rostek*, 27 AD3d 449, 450 [2006]). An instrument does not qualify for accelerated relief under CPLR 3213 "if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document" (*Weissman v Sinorm Deli*, 88 NY2d at 444; *see Lugli v Johnston*, 78 AD3d at 1134; *Ro & Ke, Inc. v Stevens*, 61 AD3d 953 [2009]; *Stallone v Rostek*, 27 AD3d at 450).

Therefore, a plaintiff makes a prima facie showing of entitlement to judgment as a matter of law pursuant to CPLR 3213 by showing that the defendant executed the subject instrument, the instrument contains an unconditional promise to repay the plaintiff upon demand or at a definite time, and the defendant failed to pay in accordance with the instrument's terms (*see Weissman v Sinorm Deli*, 88 NY2d at 444; *Lugli v Johnston*, 78 AD3d at 1135; *Ro & Ke, Inc. v Stevens*, 61 AD3d at 953; cf. *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]; *Gregorio v Gregorio*, 234 AD2d 512, 513 [1996]).

Here, the record does not support the Supreme Court's determination that the document reflects the defendant's unconditional promise to repay the borrowed sum upon demand or at definite time (*see Weissman v Sinorm Deli*, 88 NY2d at 444). Rather, the document states that the defendant will repay the money loaned to her "in full with [her] lawsuit money from Billy—of Cool Temp Mechanical—or any debt will be paid in full." Thus, the plaintiff failed to establish, prima facie, her entitlement to judgment as a matter of law (*see Weissman v Sinorm Deli*, 88 NY2d at 444; *Lawrence v Kennedy*, 95 AD3d 955, 957 [2012]; *Stallone v Rostek*, 27 AD3d at 449).

Accordingly, the Supreme Court should have denied the plaintiff's motion, without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med.*

*Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Leventhal, Chambers and Austin, JJ., concur.