■ Sun Convenient, Inc., Appellant, v Sarasamir Corp., Respondent. [999 NYS2d 432]—

In an action, inter alia, to recover on two promissory notes, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered July 24, 2013, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 is granted.

"Pursuant to CPLR 3213, a party may obtain accelerated relief by moving for summary judgment in lieu of complaint, provided that the action is 'based upon an instrument for the payment of money only or upon any judgment' " (Von Fricken v Schaefer, 118 AD3d 869, 870 [2014], quoting CPLR 3213; see

*Schulz v Barrows,* 94 NY2d 624, 627-628 [2000]). " 'A promissory note is an instrument for the payment of money only, provided that it contains an unconditional promise by the borrower to pay the lender over a stated period of time' " (*Von Fricken v Schaefer,* 118 AD3d at 870, quoting *Lugli v Johnston,* 78 AD3d 1133, 1134 [2010]; *see Weissman v Sinorm Deli,* 88 NY2d 437, 444 [1996]; *Ro & Ke, Inc. v Stevens,* 61 AD3d 953, 953 [2009]; *Stallone v Rostek,* 27 AD3d 449, 450 [2006]). "An instrument does not qualify for accelerated relief under CPLR 3213 'if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document' " (*Von Fricken v Schaefer,* 118 AD3d at 870, quoting *Weissman v Sinorm Deli,* 88 NY2d at 444; *see Lugli v Johnston,* 78 AD3d at 1134; *Ro & Ke, Inc. v Stevens,* 61 AD3d at 953; *Stallone v Rostek,* 27 AD3d at 450). "Therefore, a plaintiff makes a prima facie showing of entitlement to judgment as a matter of law pursuant to CPLR 3213 by showing that the defendant executed the subject instrument, the instrument contains an unconditional promise to repay the plaintiff upon demand or at a definite time, and the defendant failed to pay in accordance with the instrument's terms" (*Von Fricken v Schaefer,* 118 AD3d at 870; *see Weissman v Sinorm Deli,* 88 NY2d at 444; *Lugli v Johnston,* 78 AD3d at 1135; *Ro & Ke, Inc. v Stevens,* 61 AD3d at 953). Once the plaintiff establishes its prima facie entitlement to judgment as a matter of law, the burden shifts to the defendant to submit admissible evidence to establish the existence of a triable issue of fact with respect to a bona fide defense (*see Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc.,* 57 AD3d 708, 710 [2008]; *see also Rachmany v Regev,* 115 AD3d 840, 841 [2014]; *Griffon V, LLC v 11 E. 36th, LLC,* 90 AD3d 705, 706 [2011]; *Jin Sheng He v Sing Huei Chang,* 83 AD3d 788, 789 [2011]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by showing that the defendant executed the subject instruments, which contained unconditional promises to repay the plaintiff upon demand or at a definite time, and the defendant failed to pay in accordance with the terms of the instruments (*see Von Fricken v Schaefer,* 118 AD3d at 870; *see Weissman v Sinorm Deli,* 88 NY2d at 444; *Lugli v Johnston,* 78 AD3d at 1135; *Ro & Ke, Inc. v Stevens,* 61 AD3d at 953). Contrary to the Supreme Court's determination, in opposition, the defendant failed to establish the existence of a triable issue of fact with respect to a bona fide defense (*see generally Rachmany v Regev,* 115 AD3d at 841; *Griffon V, LLC v 11 E. 36th, LLC,* 90 AD3d at 706; *Jin Sheng He v Sing Huei Chang,* 83 AD3d at 789; *Cutter Bayview Cleaners, Inc. v Spotless Shirts,*

*Inc.*, 57 AD3d at 710). The defendant claimed that the plaintiff fraudulently induced it to execute the promissory notes. However, the evidence submitted by the defendant failed to raise a triable issue of fact in this regard. Moreover, the defendant's conclusory allegations of fraud were insufficient to defeat the plaintiff's entitlement to summary judgment (*see Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d at 706; *Jin Sheng He v Sing Huei Chang*, 83 AD3d at 789). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

In light of our determination, we need not reach the plaintiff's remaining contention. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.