(May 27, 2015)

■ ROSEMARY AHERN, Appellant, v MICHAEL MILOSLAU et al., Respondents. [9 NYS3d 665]—

In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated May 16, 2014, as denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

"To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (*Lugli v Johnston*, 78 AD3d 1133, 1135 [2010]; *see Gullery v Imburgio*, 74 AD3d 1022 [2010]). Once a plaintiff makes such a showing, the burden shifts to the defendant to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense (*see Quest Commercial, LLC v Rovner*, 35 AD3d 576, 576 [2006]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting the promissory note, the corresponding agreement between the parties, and her affidavit asserting that the defendants failed to pay the loan in accordance with the terms of the note (*see Lugli v*

*Johnston*, 78 AD3d at 1134; *Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]).

In opposition, however, the defendant Michael Miloslau presented sufficient evidence to raise a triable issue of fact as to the applicability of the defense of usury (*see Lugli v Johnston*, 78 AD3d at 1135; *O'Donovan v Galinski*, 62 AD3d 769, 769-770 [2009]; *Rhee v Dahan*, 115 Misc 2d 559 [Sup Ct, NY County 1982]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment in lieu of complaint. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.