■ EMAD MIRHAM, Respondent, v MONIR AWAD et al., Appellants. [17 NYS3d 473]—

In an action to recover upon an instrument for the payment of money only, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an amended judgment of the Supreme Court, Kings County (Bayne, J.), entered March 25, 2014, which upon an order of the same court entered January 10, 2014, granting the plaintiff's motion, and denying their cross motion to dismiss the action pursuant to CPLR 3211 (a), is in favor of the plaintiff and against them in the principal sum of $72,000.

Ordered that the amended judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment in lieu of complaint is denied, the order is modified accordingly, and the plaintiff shall serve a formal complaint, if he be so advised, within 30 days after service upon him of a copy of this decision and order.

In order to make a prima facie showing of entitlement to judgment as a matter of law pursuant to CPLR 3213, a plaintiff must show that (1) the defendant executed an instrument that contains an unequivocal and unconditional promise to repay the plaintiff upon demand or at a definite time, and (2) the defendant failed to pay in accordance with the instrument's terms (*see Ahern v Miloslau*, 128 AD3d 992 [2015]; *Preciosa USA, Inc. v Weiss & Biheller, MDSE, Corp.*, 127 AD3d 1156 [2015]; *Prince v Schacher*, 125 AD3d 626 [2015]; *Luiso v Poehlsen*, 125 AD3d 726 [2015]; *Nunez v Channel Grocery & Deli Corp.*, 124 AD3d 734, 734 [2015]; *Sun Convenient, Inc. v Sarasamir Corp.*, 123 AD3d 906, 907 [2014]; *Von Fricken v Schaefer*, 118 AD3d 869 [2014]). The plaintiff failed to make such a showing in this case.

The document upon which the plaintiff's motion was based, originally written in Arabic and later translated into English, is ambiguous. Notably, this document was not signed by either defendant and does not even mention the defendant Sohir Milchoil. Moreover, while the document concerns a sum of $72,000, the document does not contain an unconditional promise to pay that sum or any other exact sum of money upon

demand or at a definite time. The document could be interpreted as providing that nonpayment of the $72,000 would have no effect, other than what was defined in the last two paragraphs of the document. These two paragraphs, in the English translation, are susceptible of an interpretation that neither defendant was unconditionally obligated to pay a sum of money to the plaintiff. Accordingly, the plaintiff's motion for summary judgment in lieu of complaint should have been denied.

Upon the denial of a plaintiff's motion for summary judgment in lieu of complaint, "the moving and answering papers shall be deemed the complaint and answer, respectively, unless the court orders otherwise" (CPLR 3213). Here, "the moving and answering papers do not satisfactorily define the issues" (*Commercial Bank of N. Am. v Employers Ins. of Wausau*, 33 AD2d 672, 673 [1969]). Accordingly, under the circumstances of this case, rather than deeming the moving and answering papers to be the complaint and answer, formal pleadings must be served (*see id.*; *see also Sea Trade Mar. Corp. v Coutsodontis*, 111 AD3d 483 [2013]; *Gurary v Light*, 248 AD2d 507, 508 [1998]; *Circle Indus. Corp. v Werner Krebs, Inc.*, 65 AD2d 709, 710 [1978]). In the event the plaintiff chooses to serve a formal complaint, he must do so within 30 days after service upon him of a copy of this decision and order. Since the action has already apparently been commenced by filing (*see* CPLR 304 [a]), and since the Supreme Court, in the order entered January 10, 2014, properly denied the defendants' cross motion pursuant to CPLR 3211 (a) to dismiss the action, the service, by the plaintiff, of a formal complaint need not be preceded by a second filing (*cf. Sea Trade Mar. Corp. v Coutsodontis*, 111 AD3d 483 [2013]). Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.