Case Cash Funding, LLC, Respondent,
against
Daniel H. Gilberg, Esq., etc., Appellant.




Daniel H. Gilberg, Esq., for appellant.
Pollack, Pollack, Isaac & De Cicco, LLP (Brian J. Isaac, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered April 17, 2015. The order granted plaintiff's motion for summary judgment in lieu of complaint.




ORDERED that the order is reversed, without costs, plaintiff's motion for summary judgment in lieu of complaint is denied, and the moving and answering papers are deemed to be the complaint and answer, respectively.
In this action commenced by a motion for summary judgment in lieu of complaint (see CPLR 3213), plaintiff seeks to recover the principal sum of $22,592.56 on a contract which was denominated a "Disbursement Funding Agreement" (the Agreement). Plaintiff's motion was supported by, among other things, a copy of the Agreement and an affidavit by Greg Elefterakis, who identified himself as a principal of plaintiff. Elefterakis asserted that plaintiff had advanced $7,250 to defendant, an attorney, consisting of a $7,000 loan and a $250 application fee, for the purpose of funding an action entitled Amerosa v New Jersey Transit (the Lawsuit), which was then pending in the Essex County, New Jersey Superior Court. The Agreement stated that the sum advanced was subject to a "use fee" of 2%, compounded monthly, and a "yearly use fee" of 26.82%, and that, in the event that plaintiff was obligated to engage the services of an attorney in [*2]order to collect the money due under the Agreement, defendant would be responsible for legal fees equal to one-third of the money due to plaintiff. Elefterakis asserted that, under the Agreement, plaintiff had a lien on defendant's legal fees from the Lawsuit. Elefterakis quoted a sentence in the Agreement which stated, "I [defendant Daniel H. Gilberg] understand that in the event I do not recover sufficient money from the disbursements and legal fee(s) and/or cost(s) to pay you, The Law Firm and myself will still be liable and responsible for the re-payment of this advancement." He annexed a printout from the New Jersey courts of the case docket detail for the Lawsuit, which indicated that it had been dismissed without prejudice on August 22, 2011, and asserted that defendant was therefore liable to pay plaintiff the principal sum of $22,592.56, consisting of $16,986.89, which was the amount of the sum advanced with accrued interest (denominated "the outstanding amount"), and attorney's fees of $5,605.67.
Defendant submitted an affidavit in opposition in which he stated that, some months after he had entered into the Agreement, he became aware that the terms of the loan violated New York's civil and criminal usury laws, and that the Agreement was therefore unenforceable. 
In a reply affidavit, Elefterakis denied that plaintiff had intended to enter into a usurious agreement. He noted that the Agreement contained a severability clause, which provided that, in the event that any provision of the Agreement was deemed invalid, it would not affect the enforceability of any other provision. In order to comply with a requirement of the Agreement that any modifications be in writing, Elefterakis stated that, by the vehicle of his affidavit, he was modifying the Agreement to provide that, in the event that its stated interest rate was found to be unenforceable, the applicable interest rate under the Agreement would instead be either 16% or, if that was unenforceable, then the maximum allowable interest rate.
The Civil Court granted plaintiff's motion and awarded plaintiff the principal sum of $22,596.56.

A motion for summary judgment in lieu of complaint, made pursuant to CPLR 3213, must be premised "upon an instrument for the payment of money only or upon any judgment." "An instrument does not qualify for accelerated relief under CPLR 3213 if outside proof is needed, other than simple proof of nonpayment or a similar de minimis deviation from the face of the document' " (Von Fricken v Schaefer, 118 AD3d 869, 870 [2014], quoting Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996]). The parties did not address, and we therefore do not reach, the issue of whether the Agreement was an "instrument for the payment of money only" so as to qualify for CPLR 3213 treatment (see Smith v IG Second Generation Partners, L.P., 27 AD3d 265 [2006]; P. Ballantine & Sons v Boston Celtics Basketball Club, 36 AD2d 914 [1971]). We note that, although the only relief plaintiff sought under the Agreement was the payment of money in a sum certain, the Agreement omitted a due date for payment: a point the parties did not raise in the papers they submitted to the Civil Court. Rather, plaintiff asserted by implication that defendant's payment had become due upon the resolution of the Lawsuit, and defendant did not dispute plaintiff's motion on that ground.
Where the defense of usury is asserted in opposition to a motion for summary judgment, the party asserting the validity of a loan bears the burden of demonstrating, as a matter of law, that the transaction between the parties was not usurious (see Abir v Malky, Inc., 59 AD3d 646, 649 [2009]; Ujueta v Euro-Quest Corp., 29 AD3d 895, 896 [2006]). If there exists a triable issue of fact as to the applicability of the defense of usury, a motion for summary judgment should not be granted (Ahern v Miloslau, 128 AD3d 992, 993 [2015]; see Lugli v Johnston, 78 AD3d 1133, 1136 [2010]). 
In general, in New York, loans that charge interest in excess of 16% are usurious under civil law (see General Obligations Law § 5-501; Banking Law § 14-a), and those that charge interest in excess of 25% per year are criminally usurious (see Penal Law § 190.40). Subject to certain exceptions, usurious contracts are void (see General Obligations Law § 5-511). If the Agreement is deemed to be a loan, its stated "yearly use fee" of 26.82% would constitute a criminally usurious rate of interest, and usurious intent may thus be implied (see Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc., 105 AD3d 178, 183 [2013]; Fareri v Rain's Intl., 187 AD 481, 482 [1992]). 
Plaintiff contends that its transfer of money to defendant under the Agreement constituted an investment, and was thus a "nonrecourse loan," contingent upon defendant's success in the Lawsuit, and that plaintiff's recovery would be limited to the proceeds of the Lawsuit, if any. Plaintiff denies that the Agreement entitled it to an unlimited recovery from defendant individually, without regard to the proceeds recovered from the Lawsuit, as would be the case if the agreement constituted a "recourse loan" (see Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 744 [1992]; see also Orvis v Curtiss, 157 NY 657 [1899]; Matter of Minor, 443 BR 282, 286 [WD NY 2011]). However, a review of the Agreement reveals that it is, at the very least, ambiguous as to whether the loan is a nonrecourse loan, since, as Elefterakis remarked in his moving affidavit, it includes a statement that, in the event that the recovery from the Lawsuit is inadequate to cover the loan, defendant will be responsible for such payment: a statement indicative that the loan may have been a recourse loan, despite contrary statements which are also included in the Agreement. Since defendant established the existence of a triable issue of fact as to the applicability of the defense of usury, plaintiff's motion for summary judgment in lieu of complaint should not have been granted (see Ahern v Miloslau, 128 AD3d at 993; Lugli v Johnston, 78 AD3d at 1135). In any event, to the extent that plaintiff claims that the loan it made under the Agreement was a nonrecourse loan, plaintiff failed to establish a prima facie case, since it failed to demonstrate that defendants had realized a recovery in the Lawsuit which was sufficient to satisfy plaintiff's demands under the Agreement. 
We note that a clause in the Agreement providing for the waiver of defenses is inapplicable to the defense of criminal usury, and therefore the Agreement would be void ab initio if it was not excepted from the usury laws (see Szerdahelyi v Harris, 67 NY2d 42, 50 [1986]; Ferari v Rain's Intl., 187 AD2d 481, 482 [1992]; see also Hammelburger v Foursome Inn Corp., 54 NY2d 580, 595-598 [1981] [Cooke, J., concurring]; General Obligations Law § 5-511 [2]). The severability clause of the Agreement is likewise ineffective to save the Agreement if its terms are usurious (see Bakhash v Winston, 134 AD3d 468, 469 [2015]; Fred Schutzman [*3]Co. v Park Slope Advanced Med., PLLC,128 AD3d 1007, 1008 [2015]; Simsbury Fund v New St. Louis Assoc., 204 AD2d 182, 182 [1994]); nor was plaintiff's unilateral statement of willingness to accept 16% interest adequate to modify the Agreement and, thus, render it lawful and enforceable (see 22A NY Jur 2d, Contracts § 483). 
We reach no other issue.
Accordingly, the order is reversed, plaintiff's motion for summary judgment in lieu of complaint is denied, and the moving and answering papers are deemed to be the complaint and answer, respectively. 
Pesce, P.J., Aliotta and Elliot, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 12, 2017